UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

Eastern District of Kentucky
**FILED**
MAY 2 3 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 2005-58 (WOB)

CONNIE CAUDILL                                                    PLAINTIFF

VS.                          <u>OPINION AND ORDER</u>

WAL-MART STORES EAST, LP                                          DEFENDANT

This matter is before the court on defendant's motion for summary judgment (Doc. #9).

The court heard oral argument on this matter on Thursday, May 11, 2006. Raymond Bogucki and Bill Baker represented the plaintiff, and Brian Baugh represented the defendant. Official court reporter Joan Averdick recorded the proceedings.

**Factual Background**

The facts of this case are undisputed. On December 12, 2003, Plaintiff was going to Wal-Mart to shop with her mother and her grandson. She was and still is a frequent shopper at this Wal-Mart. On the day of the accident, Plaintiff recalls that the weather was very cold, there may have been some snow on the ground, and the sun was shining. It was not raining or snowing at the time and it had not rained or snowed that day. Plaintiff got out of her car, and on her way to the other side to help her mother out of the car, Plaintiff slipped and fell on a patch of ice.

The Court is presented with the issue of whether there is a

genuine issue of material fact that Defendant met its duty to maintain the premises in a reasonably safe condition or was the condition of the ice in the parking lot open and obvious to a reasonable person?

Defendant argues that Wal-Mart is entitled to summary judgment because there is no evidence to suggest that its parking lot was not in a reasonably safe condition on Friday December 12, 2003. Instead, Defendant argues the evidence shows that Plaintiff simply had an accident for which Wal-Mart is not responsible. Defendant claims that the danger of the ice was open and obvious and that Plaintiff cannot meet her burden of proving that Wal-Mart's premises were not in a reasonably safe condition on the day of the incident.

Plaintiff argues that the condition of the ice was not open and obvious to the Plaintiff because the fall happened immediately after she "alighted" from her vehicle. Moreover, because it had neither rained nor snowed that day or the day prior, then logically the ice was already there and Defendant should have salted or removed the ice. Plaintiff further argues that the ice was essentially a frozen over puddle and that had Wal-Mart maintained the parking lot properly, with proper drainage, there would not have been a puddle in the first place. Therefore, Plaintiff argues that Wal-Mart was negligent in that it failed to properly drain the parking lot to prevent puddles

that might freeze over. Plaintiff claims that because the condition was unknown to her and the lot was allegedly improperly drained, there is a genuine issue of material fact as to the reasonableness of the condition of the premises.

### Standard of Review

This matter is before the court on a motion for summary judgment. Summary judgment is appropriate when the pleadings, interrogatories, depositions, affidavits and other evidence show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). In deciding whether a genuine issue of material fact exists, the evidence is viewed in alight most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### Analysis

The court has reviewed this matter and concludes that defendant's motion is well-taken. As a business invitee, the business owner has a duty to keep the parts of the premises to which he is invited, or may reasonably be expected to use, in a condition reasonably safe for the invitee's use, in a manner consistent with the purpose of the invitation. *City of Madisonville v. Poole,* 249 S.W.2d 133, 135 (Ky. 1952.) "If the possessor knows, or by the exercise of ordinary care or reasonable diligence could discover a natural or artificial

3

condition which, if known, he should realize involves an unreasonable risk to the invitee and does not remedy the condition or serve fair warning of peril, he is negligent." *Id.*

The Kentucky Supreme Court has defined the law regarding liability for injury due to natural occurring hazards in *Standard Oil Co. v. Manis*, 433 S.W.2d 856 (Ky. 1968). Therein, the court held that "natural occurring outdoor hazards which are so obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landlord has a duty to remove or warn against." *Standard Oil*, 433 S.W.2d at 858.

More recent case law confirms this standard. As stated in *Horne*, "the owner of a business premises has *no duty* to protect invitees from injuries caused by '*natural*' outdoor hazards which are as obvious to an invitee as to an owner of the premises." *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368 (Ky. 2005) (citation omitted) (italics in original). *See also Gaff v. Johnson Oil Co.*, 45 Fed. Appx. 499, 501 (6th Cir. 2002) ("Kentucky law is not generous to business invitees who suffer an injury as a result of a risk created by an obvious, outdoor natural condition such as ice.").

Plaintiff claims that there is a question of fact as to whether Wal-Mart maintained the lot sufficiently or whether it had a duty to remedy or warn of the condition of the frozen puddle. Defendant claims that the frozen puddle was a naturally

4

occurring hazard that was open and obvious to the invitee, so that it was not negligent in failing to maintain the parking lot.

The undisputed facts show that the ice in defendant's parking lot on which plaintiff fell was just such an "open and obvious" outdoor hazard. Plaintiff does not present any evidence that defendant negligently created the patch or made it more dangerous, for example, by plowing or otherwise altering the condition of the parking lot. Nor does plaintiff allege any other circumstances that would create a duty of care on defendant's part to ensure plaintiff's safety.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that defendant's motion for summary judgment (Doc. #9) be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 23rd day of May, 2006.

*/s/ William O. Bertelsman*

**WILLIAM O. BERTELSMAN, JUDGE**

5